Thaler Law Firm PLLC
*Special Counsel for Plaintiff*
675 Old Country Road, Westbury, NY 11590
Tel.: (516) 279-6700 – Fax: (516) 279-6722

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Joseph Klaynberg,

Chapter 11
Case No. 22-10165 (MG)

                      Debtor.
-----------------------------------------------------------X

Joseph Klaynberg,

Adv. Pro. No.

                      Plaintiff,

    -against-

Series 2020A of Nahla Capital LLC

                      Defendants.
-----------------------------------------------------------X

## Complaint

Joseph Klaynberg, debtor and debtor in possession in this case (the "Debtor" or "Plaintiff"), through his special counsel, Thaler Law Firm PLLC, alleges for his complaint (the "Complaint") against Series 2020A of Nahla Capital LLC ("Defendant Nahla") (collectively, Plaintiff with Defendant Nahla, the "Parties") as follows:

### Nature of the Case

1.    Plaintiff brings this adversary proceeding against Defendant Nahla seeking entry of a judgment: (i) pursuant to 11 U.S.C. §§ 105(a) and 547, avoiding Judgment Liens, Restraining Notices, Executions and the resulting liens held by Defendant Nahla against Plaintiff's property; (ii) pursuant to 11 U.S.C. § 551, preserving the avoided Judgment Liens, Restraining Notices, Executions, and the resulting liens for the benefit of the Estate; and (iii) for such other relief this Court decides is just and proper.

**Jurisdiction, Venue, and Final Orders or Judgments**

2. This adversary proceeding relates to *In re Joseph Klaynberg* currently pending in the United States Bankruptcy Court for the Southern District of New York under Case Number 22-10165 (MG).

3. The Court has jurisdiction to consider the Complaint under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered by the United States District Court for the Southern District of New York dated January 31, 2012.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to entry of final orders or judgments by this Court.

**The Parties**

6. Plaintiff, as debtor in possession, is entitled to commence and prosecute this adversary proceeding on behalf of the Estate under FRBP 6009 and 11 U.S.C. §§ 323 and 1107(a).

7. Upon information and belief, Defendant Nahla is a Delaware limited liability company with a principal place of business at 645 Madison Ave 21st floor, New York, NY 10022.

**Background**

8. On February 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

9. The Debtor has remained in possession of his property and continues in the operation and management of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for Region 2.

11. On January 18, 2021, Defendant Nahla commenced an action against Plaintiff by filing a motion for summary judgment in lieu of a complaint in New York County Supreme Court, entitled *Series 2020A of Nahla Capital, LLC v. Joseph Klaynberg and Eric Brody* under index number 650347/2021 (the "State Court Action").

12. On November 17, 2021, Defendant Nahla obtained a judgment in the State Court Action against, *inter alia*, Plaintiff in the amount of $13,196,612.65 (the "Judgment"). A copy of the Judgment is attached as Exhibit "A."

13. On November 17, 2021, Defendant Nahla served on Plaintiff a notice of entry of the Judgment.

14. Defendant Nahla filed the Judgment with various county clerks, including New York County, Nassau County, and Suffolk County, and Executions with Sheriffs and/or Marshalls predicated upon the Judgment (the "Executions") which, upon information and belief, became liens on personal and real property owned by Debtor, including against real property located at 5 Lillian Ct, Sands Point, NY 11050 (the "Liens").

15. Pursuant to the Judgment, Plaintiff issued Restraining Notices upon various entities, including upon those entities listed in Exhibit "B" (the "Restraining Notices[1]") (affidavits of service omitted).

### First Cause of Action - Preference - 11 U.S.C. §§ 547 and 551

16. Plaintiff realleges each allegation contained in Paragraphs "1" through "15."

17. Defendant Nahla benefited from the filing of the Judgment and service of each of the Restraining Notices and the Executions, through the resulting creation of the Liens.

18. Pursuant to the claims asserted by Defendant Nahla against Plaintiff, Debtor allegedly owed and owes Defendant Nahla at least $13,196,612.65.

19. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to be insolvent at the time of serving the Restraining Notice and Execution and creation of the Liens.

20. Service of each of the Restraining Notices and Executions, and the resulting creation of the Liens, occurred after November 17, 2021, within 90 days of the

---

[1] "Restraining Notices" is intended to include all restraining notices served by Nahla pursuant to the Judgment, whether currently known or unknown to Plaintiff.

3

Petition Date, February 11, 2022.

21. Upon information and belief, service of each of the Restraining Notices, each of the Executions and the resulting creation of the Liens allows Defendant Nahla to receive more than Defendant Nahla would receive in a chapter 7 if the Restraining Notices and Executions had not been served and the Liens had not been created because the Restraining Notices, Executions and Liens provide Defendant Nahla with rights superior to those of other unsecured creditors.

22. Debtor conducted reasonable due diligence before bringing this complaint against Defendant Nahla, including, upon information and belief, determining that Defendant Nahla does not have any viable defenses under 11 U.S.C. § 547(c) or other applicable affirmative defenses.

23. Accordingly, Plaintiff is entitled to judgment against Defendant Nahla (i) avoiding the Restraining Notices, together with the related restraints, Executions and Liens, pursuant to 11 U.S.C. § 547; and (ii) preserving the avoided transfers pursuant to 11 U.S.C. § 551.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment against Defendant Nahla:

1. (i) Avoiding the Liens, Executions and the Restraining Notices, and (ii) preserving the avoided transfers for the benefit of the Estate; and
2. For such other relief as the Court deems just and proper.

Dated: March 8
Westbury, New York

**THALER LAW FIRM PLLC**
*Special Counsel for Plaintiff*

By:    /s/ Spiros Avramidis
Spiros Avramidis
675 Old Country Road
Westbury, New York 11590
Tel: (516) 279-6700/Fax: (516) 279-6722
spiros@athalerlaw.com

4