Patrick L. Robson
Robert A. Rich
Silvia N. Ostrower
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Series 2020A of Nahla Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                    :  Chapter 11
                                                          :
JOSEPH KLAYNBERG,                                         :  Case No. 22-10165 (MG)
                                                          :
            Debtor.                                   :
                                                          :
---------------------------------------------------------- x
Joseph Klaynberg,                                         :
                                                          :  Adv. Pro. No. 22-01014 (MG)
            Plaintiff,                                :
                                                          :
v.                                                        :
                                                          :
Series 2020A of Nahla Capital LLC,                        :
                                                          :
            Defendant.                                :
---------------------------------------------------------- x

### ANSWER OF SERIES 2020A OF NAHLA CAPITAL LLC TO COMPLAINT

Series 2020A of Nahla Capital LLC ("Defendant"), by and through its undersigned counsel, for its answer to the *Complaint* [Docket No. 1] (the "Complaint") filed by Joseph Klaynberg ("Plaintiff" or "Debtor"), states as follows:

### NATURE OF THE CASE

1. Plaintiff brings this adversary proceeding against Defendant Nahla seeking entry of a judgment: (i) pursuant to 11 U.S.C. §§ 105(a) and 547, avoiding Judgment Liens, Restraining Notices, Executions and the resulting liens held by Defendant Nahla against Plaintiff's property;

(ii) pursuant to 11 U.S.C. § 551, preserving the avoided Judgment Liens, Restraining Notices, Executions, and the resulting liens for the benefit of the Estate; and (iii) for such other relief this Court decides is just and proper.

**RESPONSE:** Paragraph 1 states a summary of certain claims raised in this action and conclusions of law to which no answer is required. To the extent an answer is required, Defendant admits that Plaintiff purports to bring claims under 11 U.S.C. §§ 547 and 551 of the Bankruptcy Code, but denies any remaining allegations in Paragraph 1.

## JURISDICTION, VENUE, AND FINAL ORDERS OR JUDGMENTS

2. This adversary proceeding relates to *In re Joseph Klaynberg* currently pending in the United States Bankruptcy Court for the Southern District of New York under Case Number 22-10165 (MG).

**RESPONSE:** Based on a review of the Court's docket in the Debtor's bankruptcy case, Defendant admits the allegations in Paragraph 2.

3. The Court has jurisdiction to consider the Complaint under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered by the United States District Court for the Southern District of New York dated January 31, 2012.

**RESPONSE:** Paragraph 3 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant admits the allegations.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

**RESPONSE:** Paragraph 4 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant admits the allegations.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to entry of final orders or judgments by this Court.

**RESPONSE:** Paragraph 5 reflects Plaintiff's consent to entry of final orders or judgments by this Court, to which a response is not required. Defendant states pursuant to Federal Rule of Bankruptcy Procedure 7012(b) that it consents to entry of final orders or judgments by this Court in connection with this adversary proceeding.

## THE PARTIES

6. Plaintiff, as debtor in possession, is entitled to commence and prosecute this adversary proceeding on behalf of the Estate under FRBP 6009 and 11 U.S.C. §§ 323 and 1107(a).

**RESPONSE:** Paragraph 6 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant admits the allegations.

7. Upon information and belief, Defendant Nahla is a Delaware limited liability company with a principal place of business at 645 Madison Ave 21st floor, New York, NY 10022.

**RESPONSE:** Defendant admits that its principal place of business is at 645 Madison Ave 21st floor, New York, NY 10022, but denies that it is a Delaware limited liability company. Defendant states that it is a series of Nahla Capital LLC, established under Delaware law. Defendant denies any remaining allegations in Paragraph.7.

## BACKGROUND

8. On February 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

**RESPONSE:** Defendant admits the allegations in Paragraph 8.

9. The Debtor has remained in possession of his property and continues in the operation and management of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**RESPONSE:** Defendant admits the allegations in Paragraph 9.

10. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for Region 2.

**RESPONSE:** Defendant admits the allegations in Paragraph 10.

11. On January 18, 2021, Defendant Nahla commenced an action against Plaintiff by filing a motion for summary judgment in lieu of a complaint in New York County Supreme Court, entitled *Series 2020A of Nahla Capital, LLC v. Joseph Klaynberg and Eric Brody* under index number 650347/2021 (the "State Court Action").

**RESPONSE:** Defendant admits the allegations in Paragraph 11.

12. On November 17, 2021, Defendant Nahla obtained a judgment in the State Court Action against, *inter alia*, Plaintiff in the amount of $13,196,612.65 (the "Judgment"). A copy of the Judgment is attached as Exhibit "A."

**RESPONSE:** Defendant admits the allegations in Paragraph 12.

13. On November 17, 2021, Defendant Nahla served on Plaintiff a notice of entry of the Judgment.

**RESPONSE:** Defendant admits the allegations in Paragraph 13.

14. Defendant Nahla filed the Judgment with various county clerks, including New York County, Nassau County, and Suffolk County, and Executions with Sheriffs and/or Marshalls predicated upon the Judgment (the "Executions") which, upon information and belief, became liens on personal and real property owned by Debtor, including against real property located at 5 Lillian Ct, Sands Point, NY 11050 (the "Liens").

**RESPONSE:** Defendant admits that it docketed the Judgment with the county clerk in New York County, filed a transcript of the Judgment with the country clerks in Nassau County and Sullivan County, and filed Executions with Sheriffs predicated upon the Judgment, which,

upon information and belief, became liens on personal and real property owned by Debtor, including against real property located at 5 Lillian Ct, Sands Point, NY 11050. Defendant denies any remaining allegations in Paragraph 14.

15. Pursuant to the Judgment, Plaintiff issued Restraining Notices upon various entities, including upon those entities listed in Exhibit "B" (the "Restraining Notices[1]") (affidavits of service omitted).

**RESPONSE:** Defendant admits the allegations in Paragraph 15.

### FIRST CAUSE OF ACTION - PREFERENCE - 11 U.S.C §§ 547 AND 551

16. Plaintiff realleges each allegation contained in Paragraphs "1" through "15."

**RESPONSE:** Responding to Paragraph 16, Defendant incorporates the responses to the foregoing paragraphs as if fully set forth herein.

17. Defendant Nahla benefited from the filing of the Judgment and service of each of the Restraining Notices and the Executions, through the resulting creation of the Liens.

**RESPONSE:** Paragraph 17 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, as a result, denies the allegations.

18. Pursuant to the claims asserted by Defendant Nahla against Plaintiff, Debtor allegedly owed and owes Defendant Nahla at least $13,196,612.65.

**RESPONSE:** In response to Paragraph 18, Defendant states that Plaintiff owes Defendant at least $13,196,612.65 pursuant to a judgment entered by the New York Supreme Court. Defendant denies Plaintiff's characterization of Defendant's claims as "allegedly" owed to Defendant.

---

[1] "Restraining Notices" is intended to include all restraining notices served by Nahla pursuant to the Judgment, whether currently known or unknown to Plaintiff.

5

19. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to be insolvent at the time of serving the Restraining Notice and Execution and creation of the Liens.

**RESPONSE:** Paragraph 19 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant admits that 11 U.S.C. § 547(f) creates a rebuttable presumption of insolvency, solely for purposes of 11 U.S.C. § 547, on and during the 90 days immediately preceding the date of the filing of the petition. To the extent an answer is required, Defendant denies any remaining allegations in Paragraph 19.

20. Service of each of the Restraining Notices and Executions, and the resulting creation of the Liens, occurred after November 17, 2021, within 90 days of the Petition Date, February 11, 2022.

**RESPONSE:** Defendant admits that service of the Restraining Notices, Executions, and creation of Liens, occurred on or after November 17, 2021, which is within 90 days of the Petition Date, February 11, 2022. Defendant denies any remaining allegations in Paragraph 20.

21. Upon information and belief, service of each of the Restraining Notices, each of the Executions and the resulting creation of the Liens allows Defendant Nahla to receive more than Defendant Nahla would receive in a chapter 7 if the Restraining Notices and Executions had not been served and the Liens had not been created because the Restraining Notices, Executions and Liens provide Defendant Nahla with rights superior to those of other unsecured creditors.

**RESPONSE:** Paragraph 21 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, as a result, denies the allegations.

22. Debtor conducted reasonable due diligence before bringing this complaint against Defendant Nahla, including, upon information and belief, determining that Defendant Nahla does not have any viable defenses under 11 U.S.C. § 547(c) or other applicable affirmative defenses.

**RESPONSE:** Paragraph 22 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to whether the Debtor conducted reasonable due diligence and, as a result, denies the allegations.

23. Accordingly, Plaintiff is entitled to judgment against Defendant Nahla (i) avoiding the Restraining Notices, together with the related restraints, Executions and Liens, pursuant to 11 U.S.C. § 547; and (ii) preserving the avoided transfers pursuant to 11 U.S.C. § 551.

**RESPONSE:** Paragraph 23 states conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

Defendant further denies the allegations contained in the paragraph beginning with "WHEREFORE" following Paragraph 23, and Defendant denies that Plaintiff is entitled to any relief against Defendant.

## AFFIRMATIVE DEFENSES

Defendant hereby sets forth its separate and distinct affirmative defenses to the Complaint. By listing these matters as "affirmative defenses," Defendant does not assume the burden of proving any matter upon which the Plaintiff bears the burden of proof under applicable law, nor does Defendant in any way concede that the Plaintiff has met his burden of establishing any of the requisite elements of any of his claims.

### First Affirmative Defense

Any transfers alleged in the Complaint, including without limitation any transfers effected by the Liens, Executions, and the Restraining Notices, are not avoidable as preferential transfers

under 11 U.S.C. §§ 547 and 551, to the extent the Debtor was not insolvent at the time of those transfers.

## Second Affirmative Defense

Any transfers alleged in the Complaint, including without limitation any transfers effected by the Liens, Executions, and the Restraining Notices, are not avoidable as preferential transfers under 11 U.S.C. §§ 547 and 551, to the extent such transfers did not enable Defendant to receive more than it would have received as a creditor under chapter 7 of the Bankruptcy Code, assuming the transfers had not been made.

## Third Affirmative Defense

The Restraining Notices are not avoidable as preferential transfers under 11 U.S.C. §§ 547 and 551 because they do not constitute transfers of an interest of the Debtor in property.

## Fourth Affirmative Defense

The Complaint, and each of the causes of action alleged therein, fails to state a claim upon which relief can be granted. Specifically, the Plaintiff fails to allege facts sufficient to support its alleged causes of action under 11 U.S.C. §§ 547 and 551.

Defendant reserves the right to amend these affirmative defenses and allege further affirmative defenses as appropriate.

Dated: June 27, 2022  
       New York, New York

*/s/ Robert A. Rich*  
Patrick L. Robson  
Robert A. Rich  
Silvia N. Ostrower  
**HUNTON ANDREWS KURTH LLP**  
200 Park Avenue  
New York, New York 10166  
(212) 309-1000  
probson@huntonak.com  
rrich2@huntonak.com  
sostrower@huntonak.com  

*Attorneys for Series 2020A of Nahla Capital LLC*